UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCAS HAWLEY,
d/b/a PRO BUILT CONSTRUCTION,

                Plaintiff,

    v.
                                           **DECISION AND ORDER**

@HOME BUILDERS LLC,                         6:19-CV-06353-MAT

                Defendant.
_____

## **INTRODUCTION**

Plaintiff Lucas Hawley, d/b/a Pro Built Construction (hereinafter, "Plaintiff"), brings this action against defendant @Home Builders LLC (hereinafter, "Defendant"), alleging breach of contract and unjust enrichment. Docket No. 1-2 at 9-11. Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint, pursuant to Rules 12(b)(5) and (b)(6) of the Federal Rules of Civil Procedure. Docket No. 4. For the reasons set forth below, Defendant's motion is granted.

## **BACKGROUND**

The following facts are taken from the allegations contained in Plaintiff's complaint (Docket No. 1-2 at 9-11). On March 12, 2014, Plaintiff and Defendant entered into a written contract, whereby Plaintiff was to perform work as a subcontractor at premises known as the "Hammocks at Millcreek," located in Erie, Pennsylvania. *Id*. at 9, ¶ 4. Defendant agreed to pay Plaintiff for all work performed. *Id*. at ¶ 5. Plaintiff completed all of

the required work "in a quality and workmanlike fashion," and Defendant was issued a certificate of occupancy. *Id*. at 9-10, ¶ 6. Defendant paid Plaintiff the contractually agreed upon amount, but withheld $14,048.36, or ten percent of the payment. *Id*. at 10, ¶ 7. Despite Plaintiff's demands for payment in full, Defendant refused to pay the $14,048.36 withheld from the contract. *Id*. at ¶ 8.

Plaintiff further alleges that Defendant asked him to perform additional work on Buildings 100 and 200, as well as the pool house, at the "Hammocks at Millcreek." *Id*. at ¶ 10. The parties agreed that Defendant would pay Plaintiff the amounts of $15,500.00, $11,025.00, and $40,000.00 for this work. *Id*. at ¶ 11. Although Plaintiff completed this work "in a quality and workmanlike manner," Defendant refused to pay Plaintiff for the supplemental work. *Id*. at ¶¶ 12-13. Plaintiff demands payment in the amount of $80,573.36, plus interest and costs of suit. *Id*. at 10-11, ¶¶ 14, 16. Plaintiff has attached copies of the aforementioned contracts for both the original and supplemental work. *Id*. at 13-20.[1]

---

[1] The copy of the original contract attached to Plaintiff's complaint is missing pages from the "TERMS AND CONDITIONS" section. *See* Docket No. 1-2 at 13-16. The complete contract is attached to the Declaration of David Riedman, submitted in support of Defendant's motion to dismiss. *See* Docket No. 4-1 at 4-10.

## PROCEDURAL HISTORY

On March 2, 2018, Plaintiff filed a Praecipe for Writ of Summons in the Court of Common Pleas of Erie County, Pennsylvania, which was issued by the Clerk of Records the same day. *See* Docket No. 1-2 at 3, 4. Defendant contends that Plaintiff mailed its attorney a copy of the Writ of Summons, but Defendant was never properly served with the Writ. Docket No. 1 at ¶¶ 4-6. On April 3, 2018, Plaintiff filed an "Important Notice," informing Defendant that it was in default, as it failed to enter a written appearance and answer the allegations against it.[2] *See* Docket No. 1-2 at 5. On July 6, 2018, Defendant filed a Praecipe for Entry of Appearance in the Court of Common Pleas of Erie County, Pennsylvania. *Id*. at 6.

Almost one year after he last took action on his case, on March 6, 2019, Plaintiff filed his complaint, alleging causes of action for breach of contract and unjust enrichment. *Id*. at 9-11. Plaintiff also filed a Notice to Defend, informing Defendant that it had been sued in court and the steps Defendant may take to defend against the claims in the complaint. *Id*. at 8. Defendant contends that the complaint was not properly served on it, as

---

[2] As noted by Defendant, Plaintiff's filing the Important Notice, informing Defendant that it was in default for failing to appear and answer the allegations against it, was procedurally improper, as Plaintiff had not filed his complaint at that time. *See* Docket No. 5 at 8.

required by the Pennsylvania Rules of Civil Procedure. Docket No. 1 at ¶¶ 8, 9.

On April 4, 2019, Defendant filed a Notice of Removal, seeking to remove the case to the United States District Court for the Western District of Pennsylvania. Docket No. 1. Defendant alleged that removal was proper pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See id*. at ¶¶ 13-17. Thereafter, on April 11, 2019, Defendant filed the instant motion to dismiss, seeking dismissal of Plaintiff's claims or, in the alternative, transfer of the case to the United States District Court for the Western District of New York. *See* Docket No. 4. Plaintiff filed a response to Defendant's motion on May 7, 2019. Docket No. 7. On May 7, 2019, the Court entered an order granting Defendant's motion in part, based on the parties' consent to transfer the case to the Western District of New York, consistent with the choice of venue provision in the contract. Docket No. 8. The Court declined to consider Defendant's remaining arguments in support of its motion to dismiss. *Id*.

On May 14, 2019, the case was transferred to the Western District of New York. Docket No. 9. The Court set additional response and reply deadlines of November 1, 2019, and November 8, 2019, for Defendant's motion to dismiss. Neither party filed

additional papers. The motion is now ready for a decision. *See* Docket No. 14.

## DISCUSSION

### I. <u>Standard</u>

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

### II. <u>Plaintiff's Claims are Barred by the Statute of Limitations</u>.

Defendant argues that dismissal of Plaintiff's complaint is warranted because (1) Plaintiff's claims are barred by Pennsylvania's four-year statute of limitations for his claims, and

(2) Plaintiff failed to properly serve Defendant with the Writ of Summons or the complaint. *See* Docket Nos. 4 & 5. With regard to its statute of limitations argument, Defendant contends that while Plaintiff filed the Praecipe for Writ of Summons within the four-year statute of limitations, he did not file his complaint until after the statute had expired, and the Writ did not toll the statute of limitations. Docket No. 4 at ¶ 2. With regard to the service of process argument, Defendant contends that because Plaintiff never effectuated service of process on Defendant, his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5), or the Court should require Plaintiff to perfect service of process on Defendant to prevent dismissal of the complaint. *Id*. at ¶ 3.

### A. <u>Choice of Law</u>

Defendant contends that although the contract between the parties contains a general choice of law provision providing that New York law shall apply to the interpretation and enforcement of the contract, the choice of law provision does not expressly apply to the statute of limitations applicable to claims under the contract. *See* Docket No. 5 at 6; *see also* Docket No. 4-1 at 10, ¶ 39 ("The laws of the State of New York shall govern as to the interpretation, validity, enforcement, and effect of this Subcontract."). Plaintiff does not appear to contest that

Pennsylvania's statute of limitations applies in this instance. *See* Docket No. 7.

"[A] federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which that court sits. . . ." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d Cir. 2013). "Procedural issues such as statutes of limitation are governed by New York law. . . . This does not, however, necessarily result in the application of the New York statute of limitations." *Jakobovits v. PHL Variable Insurance Co.*, No. 17-cv-3527-ARR-RER, 2018 WL 2291311, at *5 (E.D.N.Y. May 18, 2018) (internal citations omitted). "[I]n its borrowing statute, § 202, New York law . . . provides that 'when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period . . . of either: (1) New York; or (2) the state where the cause of action accrued.'" *Muto v. CBS Corp.*, 668 F.3d 53, 57 (2d Cir. 2012) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998)); *see also* C.P.L.R. § 202 ("An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."). "In other words, another state's statute of

limitations will apply if (1) the cause of action accrued out of state in favor of a nonresident and (2) that state's statute of limitations is shorter than New York's." *Jakobovits*, 2018 WL 2291311, at *5.

Pursuant to N.Y. C.P.L.R. § 213(2), a claim for breach of contract must be filed within six years of when the claim accrues. Under New York's six-year statute of limitations, Plaintiff's claims would be timely. However, application of New York's borrowing statute is appropriate in this instance. Plaintiff is a non-resident (*see* Docket No. 1-2 at 9, ¶ 1), his claims accrued in Pennsylvania, and Pennsylvania's statute of limitations for breach of contract claims is shorter than New York's statute of limitations. Indeed, Plaintiff originally filed his complaint in Pennsylvania. Plaintiff likewise alleges that the work performed pursuant to the contract was performed in Erie, Pennsylvania. *See* Docket No. 1-2 at ¶ 4. Further, Plaintiff alleges that Defendant breached the contract "and is liable for all damages and remedies available under the laws of the Commonwealth of Pennsylvania." *Id.* at ¶ 9; *see also id.* at ¶ 14 ("Plaintiff is entitled to all damage and remedies available under Pennsylvania law for breach of contract."). Accordingly, Pennsylvania's four-year statute of limitations applies to Plaintiff's claims.

### B. **Plaintiff's Claims are Barred by the Statute of Limitations**

"Whether a complaint is timely filed within the limitations period is a matter of law for the court to determine." *Frost v. Zeff*, Nos. 827 EDA 2015, 829 EDA 2015, 2015 WL 8552111, at *7 (Pa. Super. Dec. 11, 2015) (internal quotations and citation omitted). Pennsylvania applies a four-year statute of limitations for claims based on breach of contract and unjust enrichment. *See* 42 Pa.C.S. § 5525(a); *see also Allegheny Intermediate Unit v. East Allegheny School District*, 203 A.3d 371, 377 (Pa. Cmwlth. 2019) ("In Pennsylvania, a breach of contract action must be commenced within four years."); *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007) ("The cause of action which Appellee brought before the court is based upon a theory of unjust enrichment. According to statute, there is a four-year statute of limitations for such causes of action.") (citing 42 Pa.C.S. § 5525(a)(4) and *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997) (stating plaintiff's claim for unjust enrichment, an action based on a contract implied at law, is subject to a four-year statute of limitations)).

"Typically, the statute of limitations starts running on the date of the injury or the conduct causing the injury." *Raucci v. Candy & Toy Factory*, 145 F. Supp.3d 440, 448 (E.D. Pa. 2015) (citing *Morgan v. Petroleum Products Equipment Co.*, 92 A.3d 823, 828 (Pa. Super. 2014)). For breach of contract claims, the statute "begins to run on the date of the breach." *Allegheny Intermediate Unit*, 203 A.3d at 377; *see also Raucci*, 145 F. Supp. 3d at 449

("The four-year statute of limitations applicable to claims for failure to make payments due under a contract does not start to run until the payment is due.").

The statute of limitations for Plaintiff's claims began to run when Defendant allegedly breached the contract by failing to tender payment in full. While Plaintiff alleges that he entered into the contract with Defendant on March 12, 2014 (*see* Docket No. 1-2 at 9, ¶ 4), the complaint does not specify the dates on which Defendant failed to tender payment. However, according to Exhibit C attached to Plaintiff's complaint, Plaintiff's "extra additional work" was "100%" complete as of July 23, 2014. *See* Docket No. 1-2 at 19. Based on this date, Plaintiff had to file his complaint by July 23, 2018. However, Plaintiff's complaint was not filed until March 6, 2019, well beyond of the statute of limitations.

In Plaintiff's response to Defendant's motion to dismiss, he asserts that his case was "commenced by filing a Writ of Summons in the Erie County Court of Common Pleas on March 2, 2018[.]" Docket No. 7 at 2, ¶ 1. To the extent Plaintiff argues that the statute of limitations was tolled by his filing the Writ of Summons, the Court disagrees in this instance. Pursuant to Pennsylvania law, "[o]nce an action is commenced by writ of summons or complaint <u>the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service</u>." *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (emphasis added). Thus, "the filing of a complaint or a writ of summons shall remain effective to commence an action only if the

plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Collura v. Peoples Neighborhood Bank*, No. 2019 MDA 2018, 2019 WL 4234277, at *3 (Pa. Super. Sept. 6, 2019) (internal quotations and citations omitted); *Heckman v. Sanchez*, No. 1229 C.D. 2014, 2015 WL 5314523, at *3 (Pa. Cmwlth. Mar. 11, 2015) ("Even though the Writ of Summons was filed within the limitations period, Heckman's failure to make a good-faith effort to serve Sanchez and the Township Board with the writ did not toll the statute of limitations and the trial court did not err in granting summary judgment and dismissing the Complaint with prejudice on that basis.").

The record before the Court shows that Plaintiff filed the Writ of Summons on March 2, 2018. *See* Docket No. 1-2 at 3. Other than filing the "Important Notice" dated April 3, 2018 (*see* Docket No. 1-2 at 5), Plaintiff did not take any additional action on his case until March 6, 2019, when he filed his complaint and notice to defend (*see* Docket No. 1-2 at 8, 9-11). As referenced above, in its Notice of Removal, Defendant explains that on or about April 23, 2018, Plaintiff's counsel mailed a letter to defense counsel, enclosing a copy of the Writ of Summons, and indicating that a complaint would be filed shortly. Docket No. 1 at ¶ 4. In response, on April 26, 2018, defense counsel informed Plaintiff's counsel that the Writ of Summons was never served on @Home, that counsel for @Home did not have authority to accept service on its behalf, and that if and when a complaint was filed, it would need

to be properly served on @Home.  *Id*. at ¶ 5.  On July 6, 2018, defense counsel served an entry of appearance in the state court action.  *Id*. at ¶ 6.  No further activity occurred until March 2019, when Plaintiff filed his complaint.  These events - *i.e.*, the fact that defense counsel was aware of the Writ - do not change the Court's analysis.  *See Collura*, 2019 WL 4234277, at *4 (while the Supreme Court of Pennsylvania has adopted a "flexible approach" to the good faith determination, dismissal for improper service is appropriate, despite defendant's knowledge of the action, where "counsel informed appellants that he was not authorized to accept service of process on behalf of lenders," and "[a]fter that, appellants did nothing until March 31, 2017, at which time they filed a praecipe to reinstate the complaint," but "[b]y that time . . . the statute of limitations had expired.").  Plaintiff's counsel's failure to take any additional effort to serve the Writ, even after being informed that his service was not effective, does not rise to the level of a "good faith effort."

Further, the docket of the state court action reflects the same sequence of events.  *See* Docket No. 4-2 at 3.  Defendant has filed the declaration of David Riedman, the President and Chief Executive Officer of @Home Builders, stating that it "has no record that it ever received by certified mail, or was otherwise served with, a copy of the Writ of Summons issued by the Court of Common Pleas of Erie County[.]"  Docket No. 4-1 at ¶ 3.  Further, the docket from the state court action does not include a certificate of service, demonstrating that Defendant received a copy of the

-12-

Writ of Summons. *See* Docket No. 4-2 at 3. Despite the fact that "it is the plaintiff's burden to demonstrate that his efforts at service were reasonable," *see Collura*, 2019 WL 4234277, at *3, Plaintiff does not contest that he did not attempt to timely serve the Writ of Summons, nor does he offer an explanation as to why he failed to take additional action on his case. Rather, Plaintiff asserts that "[s]ervice was perfected pursuant to Pa.R.C.P. 401 via Certified Mail which was accepted by a duly authorized agent of Defendant on March 14, 2019." Docket No. 7 at 2, ¶ 1. Plaintiff's approximately one-year delay in attempting to perfect service on Defendant does not constitute a good faith effort to serve Defendant with the Writ issued in March 2018, such that Plaintiff's actions would work to toll the statute of limitations period.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is granted, and Plaintiff's complaint is dismissed with prejudice in its entirety. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: February 10, 2020
Rochester, New York